IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NEFTAL RODRIGUEZ SANDOVAL                                                                PLAINTIFF

v.                                         Civil No. 5:20-5217

KARAS HEALTH CARE ("KHC"); JEFF
MOLEN, Caregiver KHC; CORPORAL
BRADSHAW, Washington County Detention
Center ("WCDC"); and SERGEANT CENA,
WCDC                                                                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff, Neftal Rodriguez Sandoval, proceeds in this matter *pro se* and *in forma pauperis*.  (ECF No. 1, 2,4).  Currently before the Court is Defendants' Motion to Dismiss.  (ECF No. 18).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983 on December 16, 2020.  (ECF No. 1).  Plaintiff's application to proceed *in forma pauperis* was granted on December 16, 2020.  (ECF No. 4).  In addition, the Order states:  "Plaintiff is advised that he is required to immediately inform the Court of any change of address.  **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address**."  The Order further states:  "**Failure to inform the Court of an address change shall result in the dismissal of this case**."  (ECF No. 4).

Plaintiff filed an Amended Complaint on January 11, 2021.  (ECF No. 6).

1

According to the instant Motion to Dismiss (ECF No. 18), Defendants have been unable to effectuate service of certain correspondence and discovery upon Plaintiff.  On June 21, 2021, the Court ordered Plaintiff to respond to Defendants' Motion by July 12, 2021.  (ECF No. 21).  The Court's Order advises Plaintiff "that failure to timely and properly comply with this Order shall result in the dismissal of this action." *Id*.

On June 30, 2021, the Court's Order directing a response to Defendants' Motion was returned to the Court marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 22).  The mail is further marked "Return to Sender No Longer at this Facility." *Id*.

There is no new address available for the Plaintiff; and, Plaintiff has not responded to Defendants' Motion.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b),

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Defendants' Motion to Dismiss (ECF No. 18) be **GRANTED** and that Plaintiff's Amended Complaint in this case be **DISMISSED.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 2nd day of August 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE